```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

JIM H. BALL, JR., AIS # 131651,  :

    Plaintiff,                      :

vs.                              :    CIVIL ACTION 06-0496-CG-M

RICHARD ALLEN, et al.,           :

    Defendants.                    :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that Plaintiff previously had

six actions or appeals that were dismissed as frivolous.  A review of the records of the United States District Court for the Middle and Northern Districts of Alabama reflects that the following actions and appeals brought by Plaintiff were dismissed as frivolous, to-wit: *Ball v. Morgan, et al.,* CA 92-2206 (N.D. Ala. Aug. 20, 1993) (frivolous); *Ball v. Martin, et al.,* CA 93-0836 (N.D. Ala. June 6, 1994) (frivolous); *Ball v. Blutcher, et al.*, CA 94-0489 (N.D. Ala. June 6, 1994) (frivolous); *Ball v. Riley, et al.,* CA 03-0382 (M.D. Ala. Aug. 27, 2003), *appeal dismissed as frivolous* (11th Cir. Feb. 5, 2004); *Ball v. Hopper, et al.,* CA 97-0926 (M.D. Ala. Dec. 7, 1998) (frivolous), *mandamus dismissed as frivolous* (11th Cir. May 10, 1999); *Ball v. Jones, et al.,* CA 96-0985 (M.D. Ala. Apr. 23, 1998) (frivolous).  Thus, by separate Order, the Court's Order granting Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) has been rescinded due to these dismissals.

Furthermore, in the present action, Plaintiff's Complaint (Doc. 1) does not indicate at the time of filing that Plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  Rather, Plaintiff's present action is concerned chiefly with events that occurred prior to his filing of the complaint, such as, the

discontinuance of his psychotropic medicine; the delay in receiving medical, dental, and ophthalmological treatment; his placement in a death row cell that was "stripped"; his placement in a segregation cell with unsanitary conditions; the issuance of an inadequate amount of clean towels, clothes, and mattresses for the week; the deprivation of cleaning products to clean his segregation cell and his own clothes between re-issuance; the required use of a shower stall that is not cleaned after each use; the deprivation of ventilation in his cell and of inadequate fire safety measures, e.g., no fire alarm in his cell; the deprivation of adequate lighting in his cell which has caused him to wear glasses; and the denial of access to the courts.

Plaintiff also complains about the food service to inmates in segregation cells, claiming the officers and assisting inmates intentionally contaminate food trays and designate certain foods trays to disfavored inmates, such as Plaintiff. Allegedly, juice is not served with breakfast, and the beverages with the other meals are served from a "white plastic garbage can," which is a "major health hazard." Food, Plaintiff contends, becomes "contaminated" when the uncovered trays are stacked upon each other. Food trays that have been rejected by death row inmates are returned to the cart and re-issued to segregation annex inmates, which according to Plaintiff is "inadequate" and a "health hazard." When the food arrives, it is cold because the

electric warmer in the cart is broken.  The food cart stops in front of the "unsanitary" showers where the trays are re-arrange by placing trays on top of the cart and other trays on a table where a fan can blow the trash, garbage, and debris from the floor that has been thrown from the three tiers of cells above.  The trays are then returned to the cart where they can be selected for a few disfavored inmates, such as Plaintiff.  Plaintiff is then issued a tray that is "unsanitary" and "contaminated" with "debris, hair, insects, and other health hazards."  The food that is served from a pan on top of the cart is "contaminated" by a fan blowing when the floor has garbage, trash, urine, and debris on it.  Plaintiff claims that the food and beverage contamination presents an imminent danger to Plaintiff's well being and he has suffered a weight loss from missing meals and has consumed meals have made him sick.

     Attached to the Complaint is Warden Culliver's response to Plaintiff's grievance about the handling of food trays.  The response explains that a separate cart from the kitchen carries the special diet trays and when it arrives at segregation, these trays are placed on the cart with the other trays.  The officers do remember which inmate gets what type of diet, but otherwise trays are not given out in an attempt to slight an inmate.  Warden Culliver has seen inmates stack trays as they are feeding death row inmates, and he hopes that they will have additional

staff to serve food.  It is the goal to handle the food in the cleanest manner possible.

Subsequent to filing the Complaint, Plaintiff filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 4) concerning the handling of food trays.  In this Motion, he offered further details about his food claims.  He claims that exposing the pan of food in front of each cell door is "unsanitary."  The serving officers' clothes and body parts are "unsanitary" due to security duty, and coupled with the officers being untrained in food service, his health and life are endangered.  The lack of a covering on the beverage garbage can, which is exposed to over 200 cells, is "unsanitary" and a "health hazard."  He is always issued a tray that is "contaminated" with "hair, insects, trash, debris, germs and other unknown health hazardous things in the food and beverage."  (Doc. 4, Ex. 1, at 4)  Plaintiff maintains "[p]rior consumed contaminated food and beverage have made [him] very ill after consumption with chest pain and psychiatric problems," (Doc. 4, Ex. 1, at 5), and that he is being treated with potent psychiatric medicine, (*id.*).  As a consequence, Plaintiff claims he lives on "canteen products, soup, cookies, and cakes" and has lost 25 pounds as a result of being inadequately nourished.

In the Complaint, Plaintiff did not described his sickness resulting from the alleged sanitation deficiencies.  It is only

5

in his Motion that Plaintiff identifies his sickness as "chest pains and psychiatric problems." These are not typical physical illnesses experienced from eating "contaminated" food. Rather, it would seem from human experience that Plaintiff's chief physical complaint should be some form of gastric distress from eating "contaminated" food. Furthermore, based on the allegations, Plaintiff appears to be hyper-vigilant about germs, and his allegations concerning the actual food that he is served lacks credibility. Accordingly, the undersigned concludes that the matters described in Plaintiff's allegations do not rise to the level of showing that at the time he filed his Complaint, he was under "imminent danger of serious physical injury." *Jones v. Large,* 2005 WL 2218420, at *1 (W.D. Va. Sept. 13, 2005) (finding that "cold or bad-smelling food, or food trays that have been on the floor [did not place the inmate] at any risk of ever suffering serious injury"); *cf. Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.) (addressing an alleged constitutional deprivation for inadequate food under § 1983 and finding the Constitution required prisoners be provided reasonably sufficient food of adequate nutritional value but "[t]he fact that the food occasionally contains foreign objects or sometimes served cold, while unpleasant does not amount to a constitutional deprivation."), *cert. denied,* 475 U.S. 1096 (1986). Therefore, Plaintiff's Complaint does not meet § 1915(g)'s "imminent danger

of serious physical injury" exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

>a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 18th day of October, 2006.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE