IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIM H. BALL, JR., AIS # 131651, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 06-0496-CG-M |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the report and recommendation of the Magistrate Judge (Doc. 7), and plaintiff's objections thereto (Docs. 9, 10, 11, 13).  The Magistrate Judge recommended that the case be dismissed pursuant to 42 U.S.C. § 1915(g).  Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the Magistrate Judge.

The Magistrate Judge recommended that plaintiff's pro se 42 U.S.C. § 1983 complaint be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) because plaintiff's complaint did not allege a present imminent danger of serious physical injury which would allow him to file his case in forma pauperis.[1]  Plaintiff does not dispute the Magistrate's finding that he

---

[1] The Prison Litigation Reform Act contains a "three-strikes" provision, which states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

has filed at least three prior actions, and, thus, is a "frequent filer," subject to § 1915(g). Instead, plaintiff's objections contend that plaintiff has alleged a present imminent danger of serious physical injury. Plaintiff asserts that his complaint includes the allegation that the conditions complained of have injured and continue to injure him. Specifically, plaintiff refers to his allegations regarding the quality and contamination of food provided to him and defendants' failure to provide adequate medical treatment. However, a review of cases in this Circuit which address the imminent danger exception reveal that the mere fact that plaintiff has complained of medical issues does not "presume imminent danger." See Skillern v. Paul, 2006 WL 2826609, *1 (11th Cir. October 4, 2006) (finding that allegation that deprivation of medication may result in plaintiff suffering serious physical injury was insufficient where no description of the condition giving rise to his prescription for heart disease medication was offered and there was no allegation that he suffered any physical injury as a result of not receiving the medication); see also, e.g., Johnson v. Warden, 2006 WL 2348509, *2 (S.D. Ga. Aug. 11, 2006) (claims which included allegation that officials at Men's State Prison had not properly taken care of his needs regarding his diabetes did not satisfy imminent danger exception). The issue is whether the complaint, as a whole, alleges imminent danger of serious physical injury. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

      The Eleventh Circuit has construed this exception to require specific allegations of present imminent danger that may result in serious physical harm. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir.2004). "General allegations that are not grounded in specific facts which

---

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir.2002) (quotations omitted).

indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2  (N.D. Fla. July 20, 2006) (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.2003)); see also Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006) (citation omitted); Skillern v. Jackson,  2006 WL 1687752, *2 (S.D. Ga. June, 14 2006)(citations omitted); Cooper v. Bush, 2006 WL 2054090, *1, n 3 (M.D. Fla. July 21, 2006) (citation omitted).   "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Id.  (citing Martin supra and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir.1998) internal quotations omitted) .

     Moreover, because the imminent danger exception applies only when the danger exists at the time the complaint is filed, Medberry v. Butler, 185 F.3d 1189 (11th Cir.1999), "a court must only review the allegations made in a plaintiff's complaint or amended complaint for imminent danger, but not any additional allegations of injuries or danger complained of in subsequent filings." Davis v. Thomas County Sheriff's Dept., 2006 WL 2567883, *2 (M.D. Ga. Sept. 5, 2006) (citation omitted).

     Additionally, "it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA." Muhammad v. McDonough, 2006 WL 1640128, *1 (M.D. Fla. June 9, 2006).

> To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening to commit suicide or by threatening to kill someone else.

Id. (internal citation omitted).

In the instant case, plaintiff's complaint alleges "Supervisory Liability" and "deliberate indifference to health and safety - deliberate indifference to serious medical needs - inadequate care; denial of meaningful access to the courts - obstruction of justice - interference with outgoing U.S. mail."[2]  Plaintiff's 40 page complaint alleges many past assorted health conditions and medical problems (e.g. plaintiff's filling fell out; plaintiff became suicidal; plaintiff was given unsanitary mattress; plaintiff's cell had inadequate ventilation; plaintiff complained of:"eye problems", chest pains, swollen ankles, clogged arteries, unsanitary food, ...etc.) that were not timely or adequately addressed.  However, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999).  Some of the conditions are alleged to be continuing in nature, such as the following:

> • "Plaintiff is inadequately allowed to sweep and mop his cell once per week, no detergents, disinfectants or sanitizers are issued at any time to sanitize cell, which create an unsanitary living environment that subject Plaintiff to germs and diseases daily, from 4-11-06 thru this date." (Complaint p. 17).
>
> • Plaintiff is only issued three sets of clothing and only two sets are washed each week. (Id. p. 18).
>
> • Showers are unsanitary (Id.).
>
> • Plaintiff's cell has inadequate fire safety measures. (Id. at 20).
>
> • Plaintiff's cell has inadequate lighting. (Id. at 20-21).

---

[2] Clearly, defendants' alleged denial of meaningful access to the courts, obstruction of justice and interference with outgoing mail do not result in imminent danger that may result in serious physical harm. Therefore, they are not excepted from the three strikes provision of 1915(g) and the court declines to discuss them further.

>    • Plaintiff receives inadequate, unsanitary, and contaminated food and beverages.
>    (Id. at 21- 26).

The Magistrate Judge found that none of plaintiff's allegations satisfy the imminent danger exception to the statute. Plaintiff's objection focuses mainly on the inadequate, unsanitary, and contaminated food and beverages he allegedly receives. The complaint alleges that the servers are not trained to handle food, the D.O.C. menu is not followed, beverages are served from unsanitary containers, uncovered food is on trays that are stacked, re-arranged and re-stacked on top of each other, a fan blows on the food which results in debris - including hair and insects- being blown onto the food, and the food is cold because the cart warmer is broken. Plaintiff alleges that the unsanitary food and beverages:

> present an imminent danger to Plaintiff's health and well being, because he cannot eat or drink unsanitary food and beverage, thus Plaintiff has missed numerous meals and prior consumed meals has made him sick, coupled, he have loss weight and suffer from hunger and hunger pains and missed meals are not documented by said security staff, which is inadequate and a health hazzard.

(Complaint, p. 25-26). The court, after a thorough review of the above allegations and the rest of the complaint, agrees with the Magistrate Judge that plaintiff has failed to satisfy the imminent danger exception to the statute. Plaintiff's allegation that there is "imminent danger to Plaintiff's health and well being," is a conclusory allegation that merely demonstrates "that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. June, 14 2006) (citations and internal quotations omitted). The court finds that the fact that plaintiff has missed meals and lost weight is also insufficient to demonstrate that a serious physical injury is imminent. See Mateo v. Vosbrink, 2006 WL 2038499, *2 (N.D. Fla. July 18, 2006) (finding no imminent injury where plaintiff had not received requested Jewish dietary accommodation and

5

had foregone meals and parts of meals causing constant hunger and hunger pangs).  Plaintiff alleges that the meals have made him sick.  However, this allegation refers to past occurrences that are too vague to demonstrate present imminent danger of serious physical injury.  The court notes that plaintiff has included additional factual allegations in plaintiff's objections.[3]  However, as stated above, the court may only consider the allegations of the complaint.  Thus, plaintiff has failed to satisfy the imminent danger exception to the statute, and is not entitled to proceed in forma pauperis in this case. Accordingly, this action should be dismissed without prejudice.

## **CONCLUSION**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court.  It is **ORDERED** that this action be dismissed without prejudice pursuant to 28 U.S.C. 1915(g).[4]

**DONE** and **ORDERED** this 8th day of February, 2007.

  /s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] For instance, plaintiff alleges that prison authorities may retaliate against him and contaminate his food further for complaining about the condition of the food.  The court notes that even if the court were to consider this additional allegation, it does not demonstrate imminent danger.  See Moss v. Jones, 2007 WL 247726, *2 (M.D.Ga. Jan. 25, 2007) ("While plaintiff alleges that defendant Assistant Warden Jones whispered threats in plaintiff's ear, such hypothetical, potential injury does not satisfy the imminent danger exception of section 1915(g).").

[4] Plaintiff cannot simply pay the filing fee after being denied in forma pauperis status.  He must pay the filing fee at the time he initiates the suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).