**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIM H. BALL, JR., AIS # 131651,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO. 06-0496-CG-M** |
| ) | |
| **RICHARD ALLEN, <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

This matter is before the court on plaintiff's motion to alter or amend judgment (Doc.

17).  On February 8, 2006, this court, adopting as its opinion the magistrate judge's

recommendation, dismissed plaintiff's <u>pro</u> <u>se</u> 42 U.S.C. § 1983 complaint as barred by the "three

strikes" provision of 28 U.S.C. § 1915(g)[1] and the fact that plaintiff had not sufficiently

demonstrated an imminent danger which would allow him to file his case <u>in</u> <u>forma</u> <u>pauperis</u>.

(Doc. 15).  Neither plaintiff's current motion, nor his objection to the magistrate judge's

recommendation, dispute the finding that plaintiff filed at least three prior actions and is a

---

[1]  The Prison Litigation Reform Act contains a "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full filing fee at the
time he initiates suit." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir.2002) (quotations
omitted).

"frequent filer" subject to § 1915(g).  See Brown v. Johnson, 387 F.3d 1344, 1349 (11th

Cir.2004).  Plaintiff's current motion also does not attempt to reargue his previous contention

that he is in imminent danger.   Instead, plaintiff's motion essentially attacks the constitutionality

of § 1915(g), claiming it violates his due process and equal protection rights because it denies

him a reasonable opportunity to be heard simply because he cannot pay.   However, The

Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access

to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an

inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir.1998).

Because the Eleventh Circuit has upheld the constitutionality of section 1915(g), plaintiff's

motion to alter or amend is **DENIED**.

       **DONE** and **ORDERED** this 29th day of March, 2007.


          /s/ Callie V. S. Granade_____
         CHIEF UNITED STATES DISTRICT JUDGE